# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Alton Jones, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 50438 |
| v. ) | |
| ) | Iain D. Johnston |
| CAROLYN W. COLVIN[1], Acting ) | Magistrate Judge |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On December 6, 2012, Alton Jones, ("Plaintiff") filed an action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application to recover Supplemental Security Income ("SSI") under Title IX of the Social Security Act. 42 U.S.C. § 1382c(a)(3)(C). (Dkt. #1). On February 6, 2014, this Court remanded the case to the Administrative Law Judge ("ALJ") for further evaluation. *Jones v. Colvin*, No. 12 C 50438, 2014 WL 467744, at *14 (N.D. Ill. Feb. 6, 2014); (Dkt. # 26). Plaintiff now seeks to recover his attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. #28).

In his fee petition, Plaintiff argues he is entitled to a fee award under the EAJA because the Commissioner's position in defending the ALJ's decision was not "substantially justified." Plaintiff claims he is entitled to an increase from the statutory rate of $125.00 per hour because of an increase in the cost of living and a "special factor" within the meaning of § 2412(d)(2)(A).

---

[1] Pursuant to Federal Rules of Civil Procedure 25(d), we have substituted Carolyn W. Colvin for Michael J. Astrue as the appellee.

(Dkt. #28). The Commissioner opposes Plaintiff's fee petition in its entirety. She contends Plaintiff is not entitled to fees because her position was substantially justified. (Dkt. #37). Alternatively, the Commissioner argues if Plaintiff is entitled to fees, then his fees should be awarded directly to Plaintiff and not Plaintiff's counsel. Finally, the Commissioner contends that Plaintiff's fees should be reduced if the Court finds any award is appropriate. (Dkt. #37).

For the reasons set forth below, the Court rejects the Commissioner's arguments and grants Plaintiff's fee petition under the EAJA. (Dkt. #28). The Court awards Plaintiff $8,422.87.

## I. BACKGROUND

Plaintiff filed an application for disability on July 30, 2009, alleging a disability onset date of May 31, 2005. (Dkt. #7-6 at 2-11; R. 145-154). On November 18, 2009, the application was initially denied, and was denied upon reconsideration on April 12, 2010. (Dkt. # 7-5 at 3-10; 16-21; R. 67-74; 80-85). On May 17, 2010, Plaintiff filed a request for a hearing. (Dkt. #7-3 at 23; R. 22). The ALJ granted Plaintiff's request and conducted a hearing on April 5, 2011 in Oak Brook, Illinois. *Id.* Plaintiff and Vocational Expert ("VE") Cheryl R. Hosieth testified at the hearing. (Dkt.#7-3 at 42-62; R. 41-61). During Ms. Hosieth's testimony, the ALJ posed her a hypothetical. The ALJ asked Ms. Hosieth whether jobs were available for an individual like Plaintiff "who should come in no contact with the public for work-related purposes, but can come in occasional contact with coworkers and supervisors . . . and would be limited to unskilled, three - to four - step, simple, repetitive , routine tasks." (Dkt.# 7-3 at 58-60; R. 57-59). Ms. Hosieth answered affirmatively and stated that such an individual could work as a janitor, hand packager, or hospital food service worker. (Dkt. #7-3 at 59; R. 58).

On May 25, 2011, the ALJ issued a decision denying Plaintiff's claim for benefits. (Dkt.# 7-3 at 23-34; R. 22-33). In the opinion, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the onset of his alleged disability and concluded that Plaintiff had the severe impairments of major depressive disorder; explosive disorder; posttraumatic stress disorder; and a history of alcohol and marijuana abuse. (Dkt.# 7-3 at 25; R. 24). However, the ALJ determined these impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1. (Dkt. #7-3 at 26; R. 25). Instead, the ALJ determined Plaintiff had a residual functional capacity "to perform a full range of work at all exertional levels" with certain limitations. (Dkt.# 7-3 at 26-27; R. 25-26). Considering Plaintiff's age, work experience, medical conditions, and RFC finding, the ALJ found there were a number of jobs in the economy that Plaintiff could perform. (Dkt. #7-3 at 32-33; R. 31-32). Consequently, the ALJ determined Plaintiff was not disabled and not entitled to Social Security Benefits. (Dkt. #7-3 at 33; R. 32).

Shortly after the ALJ issued the opinion, Plaintiff requested that the Appeals Council review the decision. However, on February 8, 2011, the Appeals Council denied the review, thereby making the ALJ's decision final. (Dkt. #7-3 at 2-7; R. 1-6); 20 C.F.R. § 404.927. Subsequently, Plaintiff filed an appeal in this Court pursuant to 42 U.S.C. §405(g). (Dkt. #1). After filing the appeal, both Plaintiff and the Commissioner filed cross motions for summary judgment. (Dkts. # 8; 17). On February 6, 2014, this Court denied the Commissioner's motion, granted Plaintiff's motion, and remanded the matter for reconsideration. (Dkt. # 26). In the Court's opinion, it determined that remand was necessary because the ALJ failed to present the VE with a complete and accurate hypothetical. Specifically, the Court held that the ALJ failed to include Plaintiff's limitations in concentration, pace and persistence in the hypothetical. (Dkt.

#26 at 26-30). As the prevailing party, Plaintiff timely moved for an award of attorney's fees under the EAJA. (Dkt. #28).

## II. LEGAL STANDARD

The EAJA states that "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency." 28 U.S.C. § 2412(b). Under the EAJA, a plaintiff is eligible to recover attorneys' fees if: (1) he makes a timely application for fees; (2) he is a "prevailing party"; (3) the Government's position was not "substantially justified"; and (4) no special circumstances makes an award unjust. 28 U.S.C. § 2412(d)(1)(A)-(B); *Comm'r, INS v. Jean*, 496 U.S. 154, 155 (1990); *Scott v. Astrue*, No. 08 C 5882, 2012 WL 527523, at *1 (N.D. Ill. Feb. 16, 2012).

Fees and expenses can be awarded if the Commissioner's pre-litigation conduct or litigation position lacked substantial justification. *Cunningham v. Barhnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The Seventh Circuit has held that a position taken by the Commissioner is substantially justified if it has a "reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006)). It therefore follows that a loss on the merits does not automatically result in a finding that the Commissioner's position was not substantially justified. *Underwood*, 487 U.S. at 569. Instead, the Court must assess the Commissioner's conduct as a whole and determine whether the Commissioner has satisfied her burden of establishing that her litigation position and pre-litigation conduct had a reasonable basis in fact and law. *Stewart*, 561 F.3d at 683; *Cunningham*, 440 F.3d at 863.

## III. DISCUSSION

A. Contention of the Parties

In this case, Plaintiff argues he is entitled to fees because he can satisfy all of the requisite elements under the EAJA. He contends the Commissioner cannot establish that her litigation position was substantially justified because she failed to follow "clearly established statutory and court precedent." (Dkt. #28 at 3 (citing *Underwood*, 487 U.S. at 561-62)). In his fee petition, Plaintiff seeks an increase from the statutory hourly rate of $125.00 to account for inflation and cost of living increases. (Dkt. #28 at 4). In sum, Plaintiff requests fees totaling $8,422. 87 and asks the Court to pay such fees directly to Plaintiff's counsel. (Dkt. #38 at 9).

The Commissioner opposes Plaintiff's fee petition entirely. First, she argues her litigation position and pre-litigation conduct was substantially justified because this Court stated in its opinion that this case presented a "close call." (Dkt. #37 at 3-8). Alternatively, the Commissioner argues if the Court decides a fee award is appropriate, then the Court should award fees directly to Plaintiff, and not his attorney. (Dkt. #37 at 9). Finally, the Commissioner argues Plaintiff's requested hourly rate and claimed hours are unreasonable and should be reduced. (Dkt. # 12 at 11-13). The Court will address each argument in turn.

B. Analysis

   *1. The Commissioner Failed to Prove Her Position was Substantially Justified*

The Commissioner asserts that her litigation position and pre-litigation conduct was substantially justified. She principally argues that her position was substantially justified because the Court stated that its decision to remand the case back to the ALJ was a "close call." (Dkt. #26 at 26). The Commissioner contends Seventh Circuit precedent supports a denial of fees in instances like this because "the closeness of the question is, in itself, evidence of

substantial justification." (Dkt. #37 at 6 (citing *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991)).

Plaintiff argues that the Commissioner's interpretation of this Court's opinion is misguided. He claims the Court only found a small portion of the case to be a close question and argues that the Commissioner's position was not justified because of well-established case law. (Dkt. #38 at 6).

After reviewing the relevant Seventh Circuit precedent, the Court finds the Plaintiff's argument more persuasive. Despite the fact that the Court's opinion stated it was a "close call" regarding whether the VE had considered all of the Plaintiff's medical reports and heard the Plaintiff's testimony before she answered the ALJ's hypothetical, the Court expressly found the record "void of any evidence that indicate[d] that the VE had reviewed [Plaintiff's] medical history and was familiar with his limitations before she answered the ALJ's hypothetical." (Dkt. #26 at 27). The Court added that this case was analogous to the circumstances in *O'Connor-Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010). In *O'Connor-Spinner*, the Seventh Circuit reversed a district court's decision to deny benefits and held that an ALJ must "refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations." *Id.* at 620-21.

*O'Connor-Spinner* is binding precedent that was established over three years ago. Furthermore, the Seventh Circuit has held that a Commissioner's defense of a similar incomplete hypothetical lacked substantial justification. *See e.g.*, *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009); *see also Livingston v. Colvin*, No. 1:11-CV-01615-TWP-TAB, 2013 WL 6244660 at *1 (S.D. Ind. Dec. 3, 2013) (awarding a plaintiff fees under the EAJA because the Commissioner's position in defending an incomplete hypothetical lacked substantial

6

justification.). Because of this, the Court finds the Commissioner cannot satisfy her burden in proving that her litigation position was substantially justified. Thus, the Court concludes Plaintiff is a prevailing party entitled to a fee award under the EAJA.

    *2. The Commissioner Must Verify that Plaintiff Does Not have Federal Debt and then Distribute the EAJA Award to Plaintiff's Counsel*

In her response opposing Plaintiff's fee petition, the Commissioner alternatively argues that if the Court decides to award fees, then those fees should be distributed directly to Plaintiff, and not his attorney. The Commissioner contends that the EAJA award is appropriately given to Plaintiff because the United States Supreme Court has held that EAJA awards should be offset to satisfy any pre-existing debt that a litigant may owe the United States. (Dkt. #37 at 9) (citing *Astrue v. Ratliff*, 130 S. Ct. 2521, 2526-27 (2010)). The Commissioner explains that even though Plaintiff's counsel stated that he verified that Plaintiff did not have outstanding debts to the Department of Treasury, the Commissioner will not be able to confirm whether the Plaintiff has since incurred any federal debt until after this Court grants an award.

Plaintiff's counsel does not object to the Commissioner's request. He acknowledges that that it is appropriate for the Commissioner to verify that the Plaintiff does not owe any pre-existing debt before distributing any fee award. He asks that that the Commissioner first confirm that Plaintiff does not have any outstanding federal debt and then assuming such debt does not exist, award Plaintiff's counsel fees directly. The Court finds this procedure appropriate. *See Brown v. Astrue*, No. 1:11-CV-01000-MJD-JMS, 2012 WL 6626893 at *2 (S.D. Ind. Dec. 19, 2012) (holding that "in cases where there is a valid assignment in favor of the claimant's attorney, the Commissioner will be afforded a reasonable period of time after the fees have been awarded to the claimant . . ." to verify that the claimant does not an outstanding debt to the

government and then assuming such debt does not exist, pay the claimant's attorney the fees.). Plaintiff has assigned his right to receive fee awards under the EAJA to his attorney. *See* (Dkt. #28-7). Accordingly, the fee award will initially be payable to Plaintiff pending confirmation that he owes no pre-existing debt to the Government, at which point the award will convert to being payable to Plaintiff's attorney. *See Ibarra-Montufar v. Colvin*, No. 12-CV-736, 2013 WL 6507865 at *4 (N.D. Ill. Dec. 12, 2013); *Claiborne ex rel. L.D. v. Astrue*, 877 F. Supp. 2d 622, 628 (N.D. Ill. July 6, 2012).

   *3. Plaintiff's Hourly Rates and Claimed Hours Are Reasonable*

In his petition, Plaintiff asks for a total of $8,422.87 in fees. He seeks an hourly rate of $183.41 for the work performed in 2012 and an hourly rate of $185.40 for the work performed in 2013 and 2014. He claims these rates represent cost of living adjustments which the EAJA finds permissible under 28 U.S.C. § 2412 (d)(2)(A)(ii). He purports to have employed the Midwest Consumer Price Index to calculate such rates. Attached with his fee petition, Plaintiff has included a copy of the 2013 Midwest Region Consumer Price Index (Dkt. #28-1), a time summary to support his claimed hours (Dkt. #28-2), sworn declarations from each of the attorneys who worked on the case (Dkt. #28-6), as well as other supporting documents. *See* (Dkts. #28-3; 28-4; 28-5).

The Commissioner argues Plaintiff's claimed hours and hourly rate are unreasonable and should be reduced. She specifically takes issue with Plaintiff's use of the Midwest Region Consumer Price Index and objects to the hours Plaintiff seeks to recover for "clerical and administrative work." (Dkt. #37 at 13). Despite the fact the Court finds both objections meritless, it will briefly address each objection.

 **A. Hourly Rate**

The Commissioner argues Plaintiff's hourly rate should be reduced. She contends Plaintiff failed to use the appropriate Consumer Price Index to calculate his hourly rates. Plaintiff responds that his requested rate is reasonable because he has submitted sufficient evidence to support an increased rate due to inflation. He also points to a number of other cases in this district where similar rates were awarded and found reasonable.

The EAJA provides that fee awards "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, when the current version of the Act was passed] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Mathews–Sheets v. Astrue,* 653 F.3d 560, 562 (7th Cir. 2011) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). In *Mathews-Sheets*, the Seventh Circuit held that plaintiffs who seek a higher rate must either point to inflation and provide evidence that inflation "has increased the cost of providing adequate legal service", or show that "a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case [for $125 per hour]."[2] *Id.* at 562-63; 565.

---

[2] Courts have disagreed about whether *Mathews-Sheets* requires a showing of both criteria. *Compare Oatis v. Astrue,* No. 10-C-6043, 2012 WL 965104, at *1 (N.D.Ill. Mar. 20, 2012) (denying fee increase for failure to prove both inflation and lack of competent counsel willing to take the case for the statutory amount); *Scott v. Astrue,* No. 08-C-5882, 2012 WL 527523, at *5 (N.D.Ill. Feb. 16, 2012) (granting fee increase because Plaintiff proved both criteria); *Seabron v. Astrue,* No. 11 C 1078, 2012 WL 1985681, *3-4 (N.D. Ill. Jun.4, 2012) (same) *with Carnaghi v. Astrue*, No. 11-C-2718, 2012 WL 6186823, *4 (N.D. Ill. Dec. 12, 2012) ("[T]he Court rejects the Commissioner's contention that a Plaintiff must always show that no competent attorney could be found at a rate of $125 per hour in order to justify an increase in that rate."); *Shipley v. Astrue*, 1:10-CV-1311-DML-TWP, 2012 WL 1898867, at *3 (S.D. Ind. May 23, 2012) (requiring both criteria to award fee increase "ignores the *two* bases under the EAJA that justify a rate higher than the $125 cap…") The Commissioner does not argue that Plaintiff must show *both* increased operating costs due to inflation and that no competent attorney could be found to litigate the case for $125 per hour. The Court agrees with the majority of other courts in this district that recognize that a showing of either criterion is sufficient to justify a rate increase under the EAJA.

The Commissioner acknowledges that Plaintiff has submitted evidence to support an increased hourly rate due to inflation. However, the Commissioner argues Plaintiff should have used the Midwest – Size Class B/C Consumer Price Index rather than the Midwest All Urban Consumer Price Index and contends if Plaintiff would have used the Midwest – Size Class B/C Consumer Price Index Consumer Price Index, then his rates would have been reduced by $7.21 for 2012, $7.00 for 2013, and $3.16 for 2014.

After reviewing Plaintiff's submitted evidence and the relevant case law, the Court concludes Plaintiff's hourly rates are reasonable and rejects the Commissioner's objections. A recent district court case, *Rodriguez v. Colvin*, No. 11-C-5637, 2013 WL 5221335 (N.D. Ill. Sept. 16, 2013), provides the Court guidance on the issue. In *Rodriguez*, the court rejected a Commissioner's argument that the plaintiff's hourly rate should be reduced because he used the wrong Consumer Price Index. *Id.* at *2. Specifically, in *Rodriguez*, the Commissioner argued that the plaintiff should have used the Midwest Urban Price Consumer Index to calculate his hourly rate instead of the All Urban Consumer Price Index. *Id.* at *2. In overruling the objection, the *Rodriguez* court relied upon the plaintiff's submitted evidence and the lack of clear authority. The court noted that "courts within the Seventh Circuit have used both regional and All U.S. Consumer Price Index rates, without a clear preference for either." *Id.* at *3 (citing *Griffin v. Astrue*, No. 11-C-5091, 2013 WL 616944 (N.D. Ill. Feb. 15, 2013); *Bias v. Astrue*, No. 11-C-2247, 2013 WL 615804 (N.D. Ill. Feb. 15, 2013); *Hamrick v. Astrue*, No. 1:09-CV-179, 2010 WL 3862464 at *3 (N.D. Ind. Sept. 27, 2010) (stating that "it appears that district courts in the Seventh Circuit have permitted the use of either the national or regional index, provided that plaintiff's counsel justifies the increased rate he seeks."); *Seabron v. Astrue*, No. 11-C-1078,

2012 WL 1985681 at *4 (N.D. Ill. June 4, 2012) (approving use of the national CPI over the regional CPI)). Based on the lack of clear authority and the plaintiff's submitted evidence, the court in *Rodriguez* found the plaintiff's requested rate of $182.00 was reasonable and rejected the Commissioner's objection.

The same is true in this case. In addition to the fact that Plaintiff here has used the Midwest Consumer Price Index to calculate his hourly rate and has provided evidence to support his calculations and his increase, the Commissioner has failed to present any clear authority indicating that the Midwest-Size B/C Consumer Price Index should be used instead of the Midwest Consumer Price Index. As such, the Court rejects the Commissioner's objections and finds Plaintiff's requested hourly rates reasonable.

**B. Claimed Hours**

Finally, the Commissioner argues that the Court should reduce Plaintiff's fee award because he improperly sought fees for clerical and administrative work. However, aside from this conclusory assertion, the Commissioner fails to provide any support regarding this objection. She does not indicate how many hours Plaintiff has allegedly sought to be paid for administrative work and also fails to point to the specific tasks she considers clerical or administrative. For this reason, her argument fails. *See Ibarra-Montufar*, 2013 WL 6507865 at *4 (rejecting and Commissioner's objection and noting that she should have pointed to specific line items because court may not "reduce the number of hours absent a clear indication of why this is necessary."). In any event, the Court has reviewed Plaintiff's time summary (*see* Dkt. #28-2), and does not find any of the claimed hours clerical in nature. Thus, the Court refuses to reduce any of Plaintiff's hours as clerical or ministerial.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorney's fees under the Equal Access to Justice Act [Dkt. # 28] is granted. Plaintiff's application for $8,422.87 in fees is granted consistent with this Memorandum Opinion and Order.

It is so ordered.

Date: July 22, 2014        By: _____
                               Iain D. Johnston
                               U.S. Magistrate Judge